# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 12-30257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LONNIE INGRAM,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-245-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lonnie Ingram appeals the 120-month statutory maximum sentence imposed after he pleaded guilty to being a felon in possession of a firearm. A stipulated factual basis established that Ingram attempted to shoot one man in the head, but the gun failed to fire. On a second attempt, Ingram missed the intended victim but shot another man. While in jail, Ingram urged his associates to persuade or coerce the shooting victim to deny that Ingram had

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shot him.  At sentencing, Ingram attempted to deny the accuracy of the factual basis.

Ingram contends that the district court erred by increasing the sentence for obstruction of justice and by failing to reduce the sentence for acceptance of responsibility.  Ingram's attempts to cause the victim to exonerate him amounted to obstruction with respect to the relevant conduct and sentencing for the offense of conviction.  *See* U.S.S.G. § 3C1.1 & comment. (n.4(A)).  Ingram has shown no "extraordinary" circumstances warranting a reduction for acceptance of responsibility in light of the increase for obstruction of justice.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); § 3E1.1, comment. (n.4).  Ingram's timely guilty plea alone did not entitle him to the reduction for acceptance of responsibility.  *See* § 3E1.1, comment. (n.3).  Moreover, in contradiction of the factual basis, he attempted to avoid responsibility by telling the court at sentencing that he never did what the Government accused him of doing.  The district court committed no error, plain or otherwise, by denying credit for acceptance of responsibility and increasing the sentence for obstruction of justice.

We need not resolve Ingram's assertion that the district court erred by denying a motion to continue sentencing, by allowing the Government's late objection to the PSR, and by applying the attempted-murder guideline.  *See* FED. R. CRIM. P. 52; *Puckett v. United States*, 556 U.S. 129, 134-35 (2009).  Any error did not affect Ingram's substantial rights and was therefore harmless because the court emphatically stated that, based on the stipulated facts, it would have imposed the same sentence under § 3553(a) regardless of the Government's objection and arguments about the sentence.  *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.